IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Clinton and Melissa Plant,

        Plaintiff

vs.                              Case No.

Eagle Recovery Service, LLC,

        Defendant

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL**

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

### PARTIES

4. Plaintiffs, Clinton and Melissa Plant ("Plaintiffs"), are natural persons who at all relevant times resided in the State of New Mexico, County of Torrance, and City of Estancia.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Eagle Recovery Service, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiffs incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant placed a call to Plaintiffs' home telephone and left a voicemail message in which Defendant failed to disclose the callers individual identity and Defendants true corporate business name.

12. Said voicemail further failed to notify Plaintiffs that said communication was from a debt collector. (15 U.S.C. §§ 1692d(6), 1692e(11)).

13. Said voicemail further conveyed a false sense of urgency and threatened imminent consequences.

14. "It is a violation to send any communication that conveys to the consumer a false sense of urgency." *Leyse v. Corporate Collection Services, Inc.*, 2006 WL 2708451 (S.D. N.Y. 2006), citing Federal Trade Commission Staff Commentary 53 Fed.Reg. 50097-02 (1988); see also *Romine v. Diversified Collection Servs.*, 155 F. 3d 1142, 1143 (9th Cir. 1998) (holding that a debt collector violates 15 U.S.C. § 1692e(10) by creating a false sense of urgency).

15. Defendant violated 15 U.S.C. § 1692e(10) by leaving Plaintiffs voice messages not only vague enough to provoke a recipient to return the calls in haste, but which would deceptively entice a consumer to communicate with a debt collector.

16. 15 U.S.C. §1692f "allows the court to sanction improper conduct that the FDCPA fails to address specifically." *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996), citing *Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456, 1461 n. 10 (C.D. Cal. 1991).

17. Defendant violated 15 U.S.C. §1692f by leaving Plaintiffs ominous, unnerving, and disturbing voice messages sounding in emergency without disclosing the subject matter of the suggested emergency.

18. Plaintiffs made payments on an otherwise disputed debt as a result of

these messages and communications with Defendant.

19. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiffs suffered and continue to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

20. Plaintiffs repeats and re-alleges each and every allegation contained above.

21. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the FDCPA;

   b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiffs' reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

22. Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully Submitted,


s/Larry Leshin
Larry Leshin
Weisberg & Meyers, LLC
1216 Indiana St. NE
Albuquerque, NM 87110
866 775 3666
866 565 1327 facsimile
Attorney for Plaintiff